IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALBERT F. LANKSTER,           )
                              )
     Plaintiff,               )
                              )
v.                            )     CIVIL ACTION NO. 09-00250-CG-N
                              )
CITY OF LINDEN, ALA.          )
                              )
     Defendant.               )

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and in *forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]   It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as frivolous.

I.    Background

On May 6, 2009, plaintiff filed suit against the City of Linden.  The complaint sets forth the following allegations:

4.

On one side of the street, whites were protected from street surface water; on the opposite side, plaintiff was not protected; he is black. Defendant dug a drainage ditch on only one side of the street.

5.

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 6), to the Magistrate Judge for hearing and determination.

> Floors in four rooms of plaintiff's home were destroyed.  Other structural damage was done to plaintiff's home at the hands of the defendant.

Complaint (Doc. 1) at ¶¶ 4 and 5.  Plaintiff states that he "seeks $75,000.00 in compensatory damages."  *Id.* at ¶ 6.

The Complaint was accompanied by a motion for appointment of Counsel (Doc. 2) in which the plaintiff clearly states that "the relief he now seeks was the subject of a law suit filed in the Marengo County Circuit Court."[2]  This motion for appointment of counsel was denied (Doc. 5) on the grounds that the plaintiff has demonstrated his ability to communicate and present his case to the court.

Plaintiff also filed a motion to proceed without prepayment of fees (Doc. 3), which was denied (Doc. 4) with leave to refile the motion using the Court's current form. Plaintiff's new motion to proceed without prepayment of fees (Doc. 6) was granted on July 15, 2009 (Doc. 11).

Plaintiff, in response to the interrogatories posed by the Court in the Order of June 25, 2009 (Doc. 8)[3], first acknowledged that he does not know when the drainage ditch at issue in paragraph 4 of his Complaint was dug or by whom.  *See*, Plaintiff's Response (Doc. 9) at ¶¶ 1 and 2.  Plaintiff nonetheless seeks to hold the City of Linden liable pursuant to "the doctrine of Respondeat Superior."  *Id.* at ¶ 2.  Plaintiff then confirmed

---

[2]Plaintiff adds that "[f]rom that Court, the case was appealed to the Court of Civil Appeals of Alabama."  Motion for Appointment of Counsel (Doc. 2).

[3] Plaintiff was directed to respond to specific interrogatories for the purpose of clarifying his allegations.

that the claims he is asserting in this case were previously asserted in the lawsuit he filed

on February 9, 1995 in the Circuit Court of Marengo County, Alabama, which was styled:

Albert F. Lankster v. The City of Linden, Case No. CV-95-026.  *Id*. at ¶ 4.  A judgment

was rendered against the plaintiff and in favor of the City of Linden by the Circuit Court

of Marengo County on September 9, 1997.  *Id*. (Doc. 9-2).  According to the plaintiff,

this decision was upheld on appeal to the Court of Civil Appeals of Alabama and his

petition for writ of certiorari to the Supreme Court of Alabama was stricken on March 4,

1998.  *See*, Plaintiff's Response (Doc. 9) at ¶ 4 and pp 6-7.  Plaintiff did not appeal that

decision to the United States Supreme Court.[4]

II.     Discussion.

        A.      Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).

        Because the plaintiff is proceeding without prepayment of fees, the Court is

reviewing plaintiff's complaint under § 1915(e)(2)(B).[5]  Troville v. Venz,  303 F.3d 1256,

---

[4]In addition to setting forth the history of his previous state lawsuit, plaintiff states in his response that he has "attached Article XIV, Section #1 of the Constitution of the United States of America . . . the ground on which my case rest."  *Id*. (Doc. 9) at p. 1.  Plaintiff underlined, *inter alia*, the following portion of his attachment:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

*Id.* at p. 13.  Plaintiff offers no further explanation about his reliance on this constitutional language.

[5]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity

1260 (11th Cir. 2002)(affirming the application of 28 U.S.C. 1915(e)(2)(B) to a

non-prisoner's complaint).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as

"frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S.

319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants

are immune from suit, the claim seeks to enforce a right which clearly does not exist, or

there is an affirmative defense such as statute of limitations that would defeat the claim.

*See e.g.*, Neitzke, 490 U.S. at 327; Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636,

640 n. 2 (11th Cir. 1990).

   Judges are accorded "not only the authority to dismiss [as frivolous] a claim based

on indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless."  Neitzke, 490 U.S. at 327.  Moreover, a complaint may be dismissed

under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted

"only if it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73

(1984), *citing*, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  *See also*, Mitchell v.

Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that the language of §

1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

---

and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989),
was unaltered.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044
(2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under §
1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

B.      Rooker-Feldman Doctrine

As applied to this case, there is no subject matter jurisdiction by virtue of the

*Rooker-Feldman* doctrine.  Specifically, a federal district court lacks jurisdiction to

review claims that were previously ruled upon by a state court.  <u>District of Columbia</u>

<u>Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>,

263 U.S. 413, 415-16 (1923);  <u>Dale v. Moore</u>, 121 F.3d 624, 626 (11th Cir. 1997);

<u>Rolleston v. Eldridge</u>, 848 F.2d 163, 165 (11th Cir. 1988); <u>Hollins v. Wessel</u>, 819 F.2d

1073, 1074 (11th Cir. 1987).  This rule of law is known as the *Rooker-Feldman* doctrine

and "is confined to cases . . . brought by state-court losers complaining of injuries caused

by state-court judgments rendered before the federal district court proceedings

commenced and inviting district court review and rejection of those judgments.".  <u>Exxon</u>

<u>Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283 (2005).

A determination of the applicability of *Rooker-Feldman* is made by looking at four

criteria which must be met in order to divest the federal court of jurisdiction under this

doctrine.  <u>See</u> <u>Amos v. Glynn County Bd. of Tax Assessors</u>, 347 F.3d 1249 (11th Cir. 2003).

> The *Rooker-Feldman* doctrine bars lower federal court jurisdiction where
> four criteria are met: (1) the party in federal court is the same as the party in
> state court, <u>see</u> <u>Roe v. Alabama</u>, 43 F.3d 574, 580 (11th Cir. 1995); (2) the
> prior state court ruling was a final or conclusive judgment on the merits, <u>see</u>
> <u>David Vincent, Inc. v. Broward County</u>, 200 F.3d 1325, 1332 (11th Cir.
> 2000); (3) the party seeking relief in federal court had a reasonable
> opportunity to raise its federal claims in the state court proceeding, <u>see</u> <u>Dale</u>
> <u>v. Moore</u>, 121 F.3d 624, 626 (11th Cir. 1997) (per curiam); and (4) the issue
> before the federal court was either adjudicated by the state court or was
> inextricably intertwined with the state court's judgment, <u>see</u> <u>Goodman ex</u>
> <u>rel. Goodman v. Sipos</u>, 259 F.3d 1327, 1332 (11th Cir. 2001).

347 F.3d at 1266, n.1.

The magnitude of the *Rooker-Feldman* doctrine has also been explained as

follows:

> According to the *Rooker-Feldman* doctrine, "a United States District Court
> has no authority to review final judgments of a state court in judicial
> proceedings.  Review of such judgments may be had only in [the United
> States Supreme Court]."  District of Columbia Court of Appeals v.
> Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983).
> . . . The doctrine applies not only to claims actually raised in the state court,
> but also to claims that were not raised in the state court but are "inextricably
> intertwined" with the state court's judgment.  Feldman, 460 at 482 n.16,
> 103 S.Ct. at 1315 n.16.  This Court has recognized an "important
> limitation" on the *Rooker-Feldman* doctrine when the plaintiff had no
> "reasonable opportunity to raise his federal claim in state proceedings."
> Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983), *cert.
> denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984).  In that
> situation, we consider that the federal claim was not "inextricably
> intertwined" with the state court's judgment.  *Id.*
>            . . .
> Even if the federal court collateral attack on the state court judgment is
> premised on the unconstitutionality of a federal statute, the *Rooker-Feldman*
> doctrine still applies.  It still applies for reasons that go to the heart of our
> system of federalism—the dual dignity of state and federal court decisions
> interpreting federal law.  "In our federal system, a state trial court's
> interpretation of federal law is no less authoritative than that of the federal
> court of appeals in whose circuit the trial court is located."  Lockhart v.
> Fretwell, 506 U.S. 364, 376, 113 S.Ct. 838, 846, 122 L.Ed.2d 180 (1993)
> (Thomas, J. concurring).  Moreover, the doctrine is not limited to states
> appellate court judgments.  A litigant may not escape application of the
> doctrine by merely electing not to appeal an adverse state trial court
> judgment.

Powell v. Powell, 80 F.3d 464, 466-67 (11th Cir. 1996).  *See also*, Torchia v. State of Fla.

Office of Financial Regulation, 168 Fed.Appx.922 (11th Cir. 2006)("This Circuit has

applied the *Rooker-Feldman* doctrine to hold that district courts have no subject matter

jurisdiction to review claims not raised in state court, but 'inextricably intertwined' with a state court judgment."), *citing*, <u>Powell</u>, 80 F.3d at 466.  As was true in <u>Torchia</u>, any judgment entered by this Court with respect to the drainage ditch or the alleged "structural damage" to plaintiff's home would "necessarily nullify the state court judgment [entered against the plaintiff and in favor of the City of Linden on September 9, 1997 and affirmed on appeal]."  168 Fed. Appx. at 922.

In the present action, plaintiff seeks $75,000.00 in compensatory damages for structural damage to his home alleged to have resulted from street surface water from which he was not protected.  Plaintiff has admitted that the relief he seeks in this Court "was the subject of a lawsuit filed in the Marengo County Circuit Court."  Plaintiff's Motion for Appointment of Counsel (Doc. 2).  Plaintiff has also proffered a copy of the state court's decision dated September 9, 1997 which contained the following description of plaintiff's claims in that case:

> Lankster contends that the city of Linden should be required to perform drainage work on his property in order to prevent runoff from East Coats Avenue on his land.  Lankster contends that the runoff from the street has caused severe damage both to his land and to his home, to the point of making his home uninhabitable.  Lankster contends that the city's failure to perform drainage work on his property constitutes racial discrimination.

Plaintiff's Response (Doc. 9-2) at p. 2.  The state court entered summary judgment in favor of the City of Linden and against Albert Lankster on these claims.  *Id.*  The Court finds that the four criteria, as set out in <u>Amos</u>, have been met.  Consequently, this Court cannot review the state court's judgment in this matter because it lacks subject matter

7

jurisdiction over plaintiff's complaint under the *Rooker-Feldman* doctrine.  <u>Torchia</u>, 168 Fed. Appx. at 922.  Accordingly, this present action is frivolous as a matter of law.[6]

IV.    <u>Conclusion</u>.

For the reasons stated above, it is recommended that this action be dismissed with prejudice pursuant to § 1915(e)(2)(B)(I) as frivolous.  If plaintiff elects to file an objection to this Report and Recommendation, he should draft an objection that specifically addresses the jurisdictional principles discussed herein and sets forth his challenges to the factual findings and/or legal conclusions of the undersigned.

**Done** this 17th day of July, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.    **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections

---

[6]In addition, to the extent plaintiff seeks to hold the City of Linden liable under a theory of *respondeat superior*, his claim is frivolous pursuant to the principles set forth in <u>Board of County Com'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 416-17 (1997)("municipal liability under [§ 1983] could not be based on the traditional theory of respondeat superior [and] for purposes of § 1983  an act could not be attributed to a municipality merely because it was an act of a municipal agent performed in the course of exercising a power delegated to the municipality by local law [but] instead ... "it is [only] when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").  No applicable policy or custom has been alleged in this case.

with the clerk of <u>court.  Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's <u>recommendation should be reviewed de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this 17th day of July, 2009.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE